IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JENNIFER OWEN, )
)
    Plaintiff, )
)
v. ) Case No. 7:17cv205
)
COUNTY OF FRANKLIN, VIRGINIA )
**Serve: Brent Robertson** )
    **County Administrator** )
    **1255 Franklin Street** )
    **Suite 112** )
    **Rocky Mount, VA 24151** )
)
    Defendant. )

## COMPLAINT

Plaintiff Jennifer Owen, by counsel, moves for judgment against defendant County of Franklin (hereinafter, "defendant" or "Franklin County"), and as grounds therefore states as follows:

### STATEMENT OF THE CASE, JURISDICTION AND VENUE

(1) This is an action for declaratory, injunctive relief and monetary damages, and to address deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.* (hereinafter, "Title VII").

(2) The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1343(a)(4).

(3) The claims asserted in this action arose within the western district of Virginia and the alleged discrimination, retaliation, and damage occurred in the western district of Virginia. Venue of this action is thus proper pursuant to 42 U.S.C. §2000e, *et seq.*

1

(4) Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Virginia Council on Human Rights; received a notice of right to sue dated February 22, 2017; and commenced this action within 90 days of receipt thereof.

(5) Defendant County of Franklin is a political subdivision of the Commonwealth of Virginia.

(6) At all times material hereto, County of Franklin is and was a "person" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(a). At all times material hereto County of Franklin was an "employer" within the meaning of Title VII, Section 701, 42 U.S.C. §2000e(b), that is, at all times material hereto County of Franklin was a person engaged in an industry affecting commerce which had 100 or more employees for each working day in each of twenty or more calendar weeks during the years of plaintiff's employment or the preceding calendar year.

(7) Plaintiff at all times material hereto is and was a resident of the Commonwealth of Virginia and was an "employee" of defendant County of Franklin (plaintiff is not certain of the precise legal name of her employer).

## STATEMENT OF FACTS

(8) Jennifer Owen was hired by Franklin County in December 2013 and started to work on or about January 6, 2014 as a building inspector (all dates are approximate).

(9) Plaintiff was sexually harassed and groped by her supervisor, Robert Andrew "Andy" Morris and subjected to a sexually charged, hostile and offensive work environment and terminated after complaining to Morris about the harassment and repeatedly rejecting his sexual advances.

(10) Very briefly, the hiring manager at the time Owen was hired was Building Official

Peter Ahrens. Ahrens left Franklin County in February 2014. Jeff Scott served as acting manager from February to October 2014 and then Morris became the County Building Official in November 2014.

(11) At all times material hereto, Morris acted in his capacity as an employee of defendant.

(12) After his employment began, Morris began to say inappropriate things to plaintiff and tried to pressure her into having a sexual relationship with him.

(13) For example, sometime in January or February, Morris asked plaintiff what her first sexual experience was like. He then told plaintiff that he lost his virginity at age 12 when an older girl told him to "climb on top and give it all you got" or some such. Morris also told plaintiff that it had been eight months since the last time his wife "gave it to him" or some such.

(14) Morris also said things to plaintiff such as he felt "connected" to her, that he "knew" plaintiff better than anyone else, that he would "protect" plaintiff and watch out for her, and that he was the only one who "understood" her. Morris also told plaintiff that they were "soulmates."

(15) Morris also asked plaintiff if she masturbated and thought about him. Morris also asked plaintiff to send "dirty pictures" of her to him.

(16) Morris also groped plaintiff's breasts on several occasions and told her that she had "beautiful breasts" (he has never seen them).

(17) Another coworker, Barbara Mills, also told plaintiff that Morris also stared at her breasts and made her feel uncomfortable (this was in approximately January 2016). These comments are examples of the sexually charged culture that existed in the office.

(18) Plaintiff always told Morris to leave her alone, that this is wrong, that he had a wife

3

and family, and so forth.

(19) The second in command, Lewis Turner, also made offensive comments concerning women.

(20) For example, he talked frequently about women he was "dating;" was obsessed with women's breasts; showed naked pictures of one woman he was "dating;" used a work computer to skype and watch inappropriate videos; sent messages about women and "making them wet;" said things like "you like it. Think about me when you do him tonight…it will make it hotter; given the chance he would "do her again," and so forth.

(21) Plaintiff complained to her supervisor about the comments but nothing changed.

(22) Morris also told plaintiff that she was "adorable," that she was "beautiful," that she had "pretty eyes," that she had a "nice ass," and that she was "looking good." Sometimes when plaintiff would take a shower at the office, Morris would hold up the keys and stated that he could come in the bathroom anytime he wanted. He also told plaintiff that they needed to spend "time alone" together and would find reasons to go on inspections and be alone with plaintiff. During the summer of 2015, he also took plaintiff's hand on several occasions when she was driving and tried to force her to feel his penis.

(23) During the summer of 2015, he also placed his hand on plaintiff's genital area (over her clothing) while she was driving.

(24) He also told plaintiff that he was going to "make her squeal" and that he was "very good at eating pussy." He also told plaintiff how large his penis was, and that she was going to love it. He also called plaintiff "queen" and "his princess" and told plaintiff that she was going to raise his daughters. Sometimes he also grabbed or smacked plaintiff's buttocks. Once when plaintiff asked him what his wife was getting for his birthday, he stated he wanted plaintiff to give

4

him a blow job.

(25) Morris also groped plaintiff's breasts over her shirt, and one time he ran his hands down the front of plaintiff's shirt and grabbed her breasts underneath her bra (approximately November 2015). He would also sneak to plaintiff's desk while she was working and grab her face and try to force her to kiss him. Plaintiff refused to do so, but he still tried to force his tongue into her mouth (this took place about August – September 2015).

(26) He also told plaintiff via text that he was "horny" during a contractor's training class one evening. He also told plaintiff that he loved her on several occasions. The last time was in September 2015. He also slapped plaintiff on the buttocks with a ruler in front of a coworker in October 2015. He also told plaintiff on multiple occasions that "they were going to do it and plaintiff was going to like it" or some such. He also tried to rub plaintiff's shoulders and back, would smell her hair, and tell her that he loved the way she smelled. He also told plaintiff on multiple occasions that her parents "loved him" even though they have never met him.

(27) Morris also threatened plaintiff and told her that if she went "across the hall" (where the office of human resources was located) for any reason, then he would fire her no questions asked.

(28) Plaintiff never gave into Morris' advances, and after rejecting him for months, he eventually terminated her employment on February 10, 2016.

## COUNT I: CLAIM FOR SEX DISCRIMINATION AND HARASSMENT

(29) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(30) Defendant had a duty to maintain a work environment free of sex discrimination and harassment.

5

(31) Defendant's action and inaction created a hostile an offensive work environment and interfered with plaintiff's work.

(32) Defendant knew or should have known of the hostile work environment and failed to take prompt remedial action reasonably calculated to end the harassment.

(33) Defendant further violated federal law by failing to take action reasonably calculated to prevent sex discrimination and harassment and by permitting a work environment to exist that was hostile and offensive to plaintiff and other female employees.

(34) As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer loss of employment, pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

(35) At all times material hereto, defendant engaged in a discriminatory practice or practices with malice or reckless indifference to the federally protected rights of plaintiff so as to support an award of compensatory and punitive damages.

(36) The above-described acts of defendant constitute sex harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et. seq.*

## COUNT II: TITLE VII CLAIM FOR RETALIATION

(37) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(38) Defendant discriminated against plaintiff in violation of federal law in that defendant harassed and retaliated against plaintiff and terminated her employment for complaining about the harassment and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

6

(39) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(40) Defendant acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

## COUNT III: CLAIM FOR ASSAULT AND BATTERY

(41) Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

(42) Morris' inappropriate and unwanted touching and related conduct also constitutes assault and battery in violation of Virginia common law for which defendant is directly or vicariously liable under the doctrine of *respondeat superior* and otherwise under Virginia common law.

(43) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, shame, humiliation, embarrassment, loss of enjoyment of life and other non-pecuniary loss.

(44) Defendant acted willfully toward plaintiff with actual malice or with reckless disregard of the protected rights of plaintiff so as to support an award of liquidated and exemplary damages.

WHEREFORE, plaintiff Jennifer Owen demands judgment against defendant County of Franklin, Virginia for injunctive and equitable relief, compensatory and punitive damages, together with pre-judgment interest and for costs and attorney's fees to the extent recoverable by law, and for such other and further relief as may be just and equitable.

7

Trial by jury is demanded on all issues on which plaintiff is entitled to trial by jury, including any question concerning whether plaintiff's claims must be submitted to arbitration.

Respectfully Submitted,

JENNIFER OWEN

By: /s/ *Terry N. Grimes*
     Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
Brittany M. Haddox, Esquire (VSB No. 86416)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
*tgrimes@terryngrimes.com*
*bhaddox@terryngrimes.com*
    *Counsel for Plaintiff*