CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 14 2017

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JENNIFER OWEN, | ) |
| Plaintiff, | ) Civil Action No. 7:17CV00205 |
| v. | ) **MEMORANDUM OPINION** |
| COUNTY OF FRANKLIN, VIRGINIA, | ) |
| and | ) By: Hon. Glen E. Conrad<br>) Senior United States District Judge |
| ROBERT ANDREW MORRIS | ) |
| Defendants. | ) |

Plaintiff Jennifer Owen, a former county building inspector, filed a three-count amended complaint against defendants, the County of Franklin, Virginia (the "County"), and Robert Andrew Morris. Counts I and II allege claims against the County under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., for sexual harassment and retaliation, respectively. Count III alleges assault and battery under Virginia law against Morris. The case is presently before the court on the County's motion to dismiss Count II pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion will be denied.

## Background

The following facts, taken from the plaintiff's amended complaint, are accepted as true for purposes of the County's motion to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Owen worked as a building inspector for Franklin County, Virginia, from December 2013 to February 2016. Am. Compl. ¶¶ 10, 30. In November 2014, Morris became the

County Building Official. Id. ¶ 12. Owen alleges that within a few months of taking the position, Morris began to make sexual comments to Owen and to pressure her about entering into a sexual relationship with him. Id. ¶ 14. On several occasions, Morris groped Owen's breasts, forced her to touch his genitals, and grabbed her face in an attempt to force a kiss. Id. ¶¶ 18, 24, 27.

The comments and behavior continued into the summer of 2015, when Morris placed his hand on the plaintiff's genital area while she was driving. Id. ¶ 25. In October 2015, he slapped Owen's buttocks with a ruler in front of a coworker. Id. ¶ 28. In approximately November 2015, Morris grabbed Owen's breasts underneath her bra. Id. ¶ 27.

Owen alleges that she rejected all of Morris' sexual advances and complained to him about those advances, but his behavior did not change. Id. ¶¶ 20, 23. Morris "threatened [Owen] and told her if she went 'across the hall' (where the office of human resources was located) for any reason, then he would fire her no questions asked." Id. ¶ 29. "[A]fter rejecting [Morris] for months," Owen alleges that "he eventually terminated her employment on February 10, 2016." Id. ¶ 30.

Based on the foregoing allegations, Owen filed this lawsuit against the County under Title VII and state law. She later amended the complaint to substitute Morris as the defendant for the state law claim. In the amended complaint, Count II alleges retaliation under Title VII against the County. The County has moved to dismiss Count II for failure to state a claim upon which relief may be granted. The parties appeared before the court for a hearing on this matter on November 16, 2017. The matter is now fully briefed and ripe for review.

## Standard of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a plaintiff's complaint, which

2

must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); see also Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" and that "permit[s] the court to infer more than the mere possibility of misconduct." Id. at 678-79 (internal quotation marks omitted). The plaintiff must rely on "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.

## Discussion

Title VII prohibits an employer from retaliating against an employee "because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). In the absence of direct evidence of retaliation, the plaintiff may proceed under the burden-shifting framework from McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). The plaintiff bears the initial burden of establishing a prima facie case of retaliation, which has three elements: (1) the plaintiff engaged in a protected activity; (2) her employer took a materially adverse action against her; and (3) "there was a causal connection between the protected activity and the asserted adverse action." Hoyle v. Freightliner, LLC, 650 F.3d 321, 337 (4th Cir. 2011). If a plaintiff establishes a prima facie case, the burden then shifts to the employer to identify a legitimate, non-retaliatory reason for its conduct. Id. If the employer succeeds in making a showing of such a reason, the burden shifts back to the plaintiff to prove

3

that the employer's reason was a mere pretext for retaliation. Id.

The County has moved to dismiss Count II of Owen's amended complaint for failing to plausibly allege causation.* Specifically, the County argues that a plaintiff must allege but-for causation in order to survive a motion to dismiss a Title VII retaliation claim. In support of this argument, the County cites Villa v. CavaMezze Grill, LLC, which held that, at the summary judgment stage, a plaintiff must prove that "'the desire to retaliate was the but-for cause of the challenged employment action.'" 858 F.3d 896, 900 (4th Cir. 2017) (quoting Univ. of Tx. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013) (emphasis omitted)).

The County's emphasis on but-for causation is misplaced. Under the McDonnell Douglas framework, a plaintiff starts by making a prima facie case of retaliation, which does not require proof of but-for causation. Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 251 (4th Cir. 2015) (requiring a plaintiff to prove but-for causation only after the employer has shown that it acted on the basis of a legitimate, non-retaliatory reason). "[T]o satisfy the[] ultimate burden of persuasion," which includes but-for causation, the plaintiff can rely on evidence of pretext, id. & n.13, which may not be available at the pleading stage.

In any event, a plaintiff need not "plead facts that constitute a prima facie case in order to survive a motion to dismiss." Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002) (recognizing that the prima facie case is an evidentiary, and not a pleading, standard)). Nor must a plaintiff formulaically recite the elements of a claim. Bell Atl. Corp., 550 U.S. at 555.

Although the County overstates the plaintiff's burden at the pleading stage, the court is

---

* Although the County has identified a circuit split over whether an employee who rejects a supervisor's sexual advances has engaged in protected activity, the County only challenges the sufficiency of the amended complaint's allegations of causation. This court will therefore not address the other elements of the prima facie case of Title VII retaliation.

4

convinced that the plaintiff has plausibly alleged a causal link between a protected activity and a materially adverse action. Determining causation for purposes of a Title VII retaliation claim "'is highly context-specific'" because it "'necessarily involves an inquiry into the motives of an employer.'" Reardon v. Herring, 201 F. Supp. 3d 782, 787 (E.D. Va. 2016) (quoting Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 178 (3d Cir. 1997)). Accordingly, courts may infer causation from the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action." Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); Reardon, 201 F. Supp. 3d at 787.

To rely on temporal proximity alone, however, the proximity must be "very close." Clark Cty., 532 U.S. at 273 (internal quotation marks omitted). "[N]either the Supreme Court nor the Fourth Circuit has adopted a bright line for how closely the adverse action must follow the protected conduct." Reardon, 201 F. Supp. 3d at 785. The Fourth Circuit has recognized that a two-and-a-half month period is too long to establish causation on the basis of temporal proximity alone. Perry v. Kappos, 489 F. App'x 637, 643 (4th Cir. 2012) (citing Clark Cty., 532 U.S. at 273-74). In measuring the time between a protected activity and a materially adverse action, a court may use the date upon which the last protected activity occurred. See, e.g., Foster, 787 F.3d at 253 & n.16 ("The [employer] argues that, in considering temporal proximity, we may only look to [the employee's] initial complaint of harassment and not her subsequent complaints of retaliation. This is plainly contrary to law."); Reardon, 201 F. Supp. 3d at 788.

In this case, Owen alleges that Morris' last sexual advance occurred in approximately November 2015 when he grabbed her breasts underneath her bra. Am. Compl. ¶ 27. Owen further alleges that she always rejected Morris' sexual advances. Id. ¶¶ 20, 29. Thus, relying on November 2015 as the date that Owen last engaged in a protected activity, approximately three

5

months passed until Morris fired Owen on February 10, 2016. Such a length of time is insufficient to establish causation without additional evidence of a causal link. See Perry, 489 F. App'x at 643; see also Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007) ("In cases where temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus.") (internal quotation marks omitted)).

Accordingly, the court considers the context surrounding the termination of Owen's employment. See Reardon, 201 F. Supp. 3d at 787 (citing Kachmar, 109 F.3d at 178). The amended complaint alleges that, in the months preceding Owen's termination, Morris escalated his conduct and warned Morris not to visit the human resources office. Accepting these allegations as true, it is plausible that Morris fired Owen after he realized that she would not willingly enter into a sexual relationship with him or became concerned Owen would complain to others. Although discovery may disprove those causal explanations, Owen is not required to adduce evidence of causation at this juncture. Moreover, accepting the County's view of Owen's allegations as mere temporal proximity would be to punish Owen for the time it took her alleged harasser to accept her rejections and take an adverse action. The County also ignores the retaliatory animus evidenced in Morris' statement to Owen that he would fire her if she visited the location of the human resources office. The court therefore finds that the context of Owen's termination creates an inference of causation such that Count II withstands the County's motion to dismiss.

## Conclusion

For the reasons stated, the County's motion to dismiss Count II will be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 14th day of December, 2017.

_____
Senior United States District Judge